```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


THE STANDARD FIRE INSURANCE      )
COMPANY,                         )
     Plaintiff and Defendant in  )
     Counterclaim,               )
                                 )
          v.                     )  C.A. No. 09-10500-MLW
                                 )
KEVIN ANDRADE and                )
KRISTINA ANDRADE,                )
     Defendants, Plaintiffs in   )
     Counterclaim and            )
     Third-Party Plaintiffs,     )
                                 )
          v.                     )
                                 )
VIKING YACHT COMPANY,            )
     Third-Party Defendant.      )


THE STANDARD FIRE INSURANCE,     )
COMPANY,                         )
     Plaintiff and Defendant in  )
     Counterclaim,               )
                                 )
          v.                     )  C.A. No. 09-10745-MLW
                                 )
THOMAS J. FAHEY and              )
MARY E. FAHEY,                   )
     Defendants, Plaintiffs in   )
     Counterclaim and            )
     Third-Party Plaintiffs,     )
                                 )
          v.                     )
                                 )
POST MARINE CO., INC.,           )
     Third-Party Defendant.      )
```

                                ORDER


WOLF, D.J.                                          April 6, 2010

     Plaintiff Standard Fire Company ("Standard Fire") has filed

motions to stay discovery and consolidate related matters (the

"Motions") in two related cases, captioned above.[1] Because the court finds that staying the ongoing discovery processes in <u>Andrade</u> and <u>Fahey</u> would not promote judicial economy, the Motions are being denied.

Through the Motions, Standard Fire seeks to stay discovery in order to synchronize the scheduling of discovery and dispositive motions in these cases with a related matter, <u>The Standard Fire Insurance Company v. Goodman</u> (D. Mass. Civil. Action No. 1:10-10506). In both Motions, Standard Fire asserts that staying discovery and consolidating the three case's schedules is in the interest of judicial economy. One set of defendants, the Andrades, assents to staying discovery, while another set, the Faheys, opposes issuance of a stay. Third-party defendant Viking Yacht Company also assents to a stay, while third-party defendant Post Marine Company has not responded.

"[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." <u>Microfinancial, Inc. v. Premier Holidays Intern., Inc.</u>, 385 F.3d 72, 77 (1st Cir. 2004) (citations omitted). However, "stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing

---

[1] In <u>Fahey</u>, Standard Fire filed an Emergency Motion to Stay Discovery and Consolidate Related Matters on April 1, 2010.
   In <u>Andrade</u>, Standard Fire filed an Assented to Motion to Stay Discovery and Consolidate Related Matters on April 1, 2010.

equities are weighed and balanced." Marquis v. F.D.I.C., 965 F.2d 1148, 1155 (1st Cir. 1992).

In both Andrade and Fahey, the court has bifurcated discovery to focus first on the issue of insurance coverage. This initial discovery process is set to be completed on April 9, 2010, with deadlines for exploring settlement, amending pleadings, and filing motions for summary judgment following thereafter. The Faheys state that the only component of initial discovery that they have yet to complete is their deposition of Standard Fire's designated representative, which is scheduled for April 7, 2010.

The Faheys oppose staying discovery, arguing that a stay would unjustifiably delay their ability to proceed to summary judgement. They contend that there is no benefit to party or judicial economy in postponing completion of the discovery process which is almost finished. They argue that, if Standard Fire is correct that there are identical questions of law in all three cases, then judicial economy will be served by having the question of insurance coverage answered during summary judgment as scheduled, since such a ruling might be dispositive of the coverage issue in other cases.

The court concurs with the Faheys that granting these Motions on the eve of completing initial discovery would inappropriately delay the possibility of resolving these matters during summary judgment. Cf. Perricone v. Unimed Nutritional Servs., Inc., No. CIV. A. 301CV512(CFD), 2002 WL 31075868, at *3 (D. Conn. July 18,

3

2002)(stating, in the context of patent infringement litigation, that "[m]ost often, a request for a stay has been denied due to the late stage of litigation, the fact that discovery was or would be almost completed, or trial had been set."); <u>Enprotech Corp. v. Autotech Corp.</u>, No. 88 C 4853, 1990 WL 37217, at *2 (N.D. Ill. Mar. 16, 1990) (denying motion to stay patent infringement proceeding when discovery process was almost complete).

In addition, while Standard Fire states that it "believes" the parties' resources and judicial economy would be served by postponing the Faheys' scheduled deposition of its designee until after Automatic Disclosures and written discovery is complete in all three cases, the company has not explained why that is so. Therefore, Standard Fire has not demonstrated "good cause" for staying discovery. <u>See</u> <u>Marquis</u>, 965 F.2d at 1155.  It may be that certain questions of law in <u>Goodman</u> will overlap with legal issues in both <u>Andrade</u> and <u>Fahey</u>.  However, that possibility "is [not] sufficiently convincing for the court to exercise its discretion and hold in abeyance" the completion of initial discovery and subsequent dispositive motions in either <u>Andrade</u> or <u>Fahey</u>. <u>See Animal Welfare Inst. v. Martin</u>, 588 F. Supp. 2d 70, 97 (D. Me. 2008).

Accordingly, the Motions (Docket No. 27 in 09-10500; Docket No. 28 in 09-10745) are DENIED.

                                             /s/ Mark L. Wolf
                                           UNITED STATES DISTRICT JUDGE