```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

THE STANDARD FIRE INSURANCE      )
COMPANY,                         )
    Plaintiff and Defendant in   )
    Counterclaim,                )
                                 )
         v.                      )   C.A. No. 09-10500-MLW
                                 )
KEVIN ANDRADE and                )
KRISTINA ANDRADE,                )
    Defendants and Plaintiffs    )
    in Counterclaim.
```

## JUDGMENT

WOLF, D.J.                                          March 4, 2013

After trial of the claims and counterclaims in this case, on March 4, 2013 the court orally stated in court its Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52(a). Based on those findings and conclusions, judgment is entered for plaintiff Standard Fire Insurance Company ("Standard Fire") as follows:

1. With regard to Standard Fire's request for a declaratory judgment pursuant to 28 U.S.C. §2201, judgment is entered for Standard Fire because under Section 3 of its policy insuring defendants Kevin and Kristina Andrade's yacht M/V Kristina (the "Policy"):

   a)   The gel coat alone is an "item" for the purpose of the exclusion in §3.C.7 of the Policy.

   b)   There was a latent defect in the gel coat on the M/V Kristina.

c)   The latent defect in the gel coat caused slight "resulting damage" to the skincoat of the M/V Kristina.

d)   Marine paint is a replacement for gel coat.

e)   The only loss sustained by defendants was the cost of replacing the defective gel coat with marine paint.

f)   Because §3.C.7 of the Policy excludes from coverage "the cost of replacing or repairing any item having a latent defect," Standard Fire did not breach its contract with defendants by declining to pay that cost, and is not obligated to pay the cost of replacing the gel coat with marine paint either under the Policy or as damages.

2.   With regard to defendants' counterclaims, judgment shall enter for Standard Fire on:

a)   Count I to the extent that it requests a declaratory judgment because Standard Fire is not obligated under the Policy to pay for the cost of repairs to the laminate underlying the gel coat because no damage to the structural laminate, or cost to repair it, was proven; no cost relating to repair of the slight damage to the skincoat was proven; and Standard Fire is not obligated under the Policy to pay for the cost of replacing the defective gel coat on the M/V Kristina with marine paint.

b)   Count III (Breach of Contract).

c)   Count IV (Breach of the Covenant of Good Faith and Fair Dealing).

d)   Count V (Violation of M.G.L. c. 93A).

e)   Count VI (Violation of M.G.L. c. 176D).

```
                                    /s/ Mark L. Wolf
                              UNITED STATES DISTRICT JUDGE
```